United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 10, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-40256
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

CARLOS TREVINO-SALAZAR,

Defendant-
Appellant.

-------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-817-ALL
-------------------------------------------------------------------

Before DeMOSS, STEWART and PRADO, Circuit Juges.

PER CURIAM:[*]

    Carlos Trevino-Salazar (Trevino) appeals the sentence imposed following his guilty plea

conviction for transporting undocumented aliens within the United States by means of a motor vehicle

for private financial gain.  Although Trevino concedes that his sentence is to be reviewed for

reasonableness under this court's precedent, Trevino also asserts that the presumption of

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reasonableness standard is unconstitutional. Trevino acknowledges that this argument is foreclosed and raises it only to preserve for further review. This court is bound by the precedent of previous panels absent "an intervening Supreme Court case explicitly or implicitly overruling that prior precedent." *United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999).

Trevino also argues that his sentence of 44 months of imprisonment, which was within the applicable advisory sentencing guideline range, is unreasonable under 18 U.S.C. § 3553(a) because the district court failed to consider mitigating factors. Given Trevino's extensive criminal history and the seriousness of his instant offense, he has not shown that the sentence was unreasonable or that this court should not defer to the district court's determinations at sentencing. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Accordingly, the judgment of the district court is AFFIRMED.